Whaley, Chief Justice,
delivered the opinion of the court:
This case comes to the court on the defendant’s motion to dismiss, alleging that the petition does not set out a cause *180 of action against the defendant or any canse of action over which the court has jurisdiction.
An examination of the petition shows that the plaintiff alleges the suit is brought under the general jurisdictional act which gives this court the right to hear
All claims (except for pensions) founded upon the Constitution of the United States or any law of Congress, upon any regulation of an executive department, upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable. U. S. Code, Title 28, Sec. 250.
The plaintiff must bring himself within the provisions of this section.
The petition then alleges:
That commencing November 21, 1989, and through December 14, 1940, he submitted to the Navy Department devices of a certain nature, and that said devices were rejected by the Navy Department for the reason that they considered the nature of the forces involved not of a sort to accomplish the purpose of' the devices, and the Navy Department stated that the idea of devices of the same general nature had been considered for “at least the last twenty years” and had been rejected for the above reason; that, whereupon, the plaintiff undertook, by an exposition of his ideas on the subject, and by reference to the proper technological literature, to convince the Navy Department that devices of the general nature in question were feasible, and to explain to the Navy Department the physical principles of their operation; that plaintiff accomplished this, through an extended and controversial correspondence with the Navy Department; that beyond this he has by his own study made, and conveyed to the Navy Department, discoveries of special and critical nature in regard to the forces in question, and these have included new and more correct and general formulations; that by reason of all of the above the Navy Department has been enabled to understand the operation of devices which it had not previously believed could function, and to confirm and ac *181 curately estimate the military worth of devices it would otherwise have categorically rejected; that the Navy Department has applied the knowledge thus imparted, and especially certain of it relating to and comprising technical methods, in the improvement of devices other than plaintiff’s own submitted inventions; that your petitioner has in the past demanded, in vain, of the Navy Department remuneration for information conveyed, though the Navy Department has not denied the general correctness of said information.
This is a general, sweeping, cover-all allegation without any specific statement of what is the true nature of the claim. No allegation that any provision of the Constitution, or law of Congress, or regulation of an executive department has been disobeyed and no contract, express or implied, has been broken. No allegation is made that a patent of the plaintiff has been infringed by the Government or by some one performing work for the Government, and there is no claim for damages, liquidated, or unliquidated, not sounding in tort. When boiled down and freed from excessive verbiage the cause of action attempted to be set ■out against the defendant comes to the mere assertion that plaintiff has voluntarily furnished some information to the Navy Department in explanation of some vague, undefined “devices”, not owned by the plaintiff, which he claims has proved of value. There is no allegation that the plaintiff was solicited for this information, or employed to make any study on behalf of the defendant on these devices but merely the contentious assertion that the plaintiff has explained the devices to the Navy in such a controversial way that the Department has been convinced against its will that these devices may be used in the manner and way that plaintiff contends. There is nothing to show that the “devices” are not the property oT the Navy. Certainly no legal action is alleged and a petition for equitable relief must be reasonably definite and certain in its statement of a cause of action. Schierling v. United States, 28 C. Cls. 361.
The allegations of the petition are too vague and indefinite to permit a comprehensive knowledge of what the suit is for, *182 if not for compensation for general information furnished on certain devices, and we know of no law or regulation which permits recovery in such a case unless there has been a contract, express or implied. None is alleged.
The petition plainly shows no promise of payment for the alleged information. If the plaintiff has furnished something of value to the Navy, his redress is with the Congress.
Defendant’s motion to dismiss is granted and the petition is dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitakee, Judge; and Littleton, Judge, concur.