Whaley, Chief Justice,
delivered the opinion of the court:
The original petition in this case was filed April 18, 1941. *397 Defendant filed a motion to dismiss and the court granted the motion and dismissed the petition December 1, 1941, on the ground that the petition was vague and indefinite and did not state a cause of action. (95 C. Cls. 179.)
Plaintiff was allowed to amend his petition. The amended petition was filed January 14, 1942, and on March 7, 1942, defendant filed a motion to dismiss.
The amended petition consists of the elimination of several duplications in the original petition and the addition of a few new sentences, none of which added to the alleged cause of action. The only material addition is the assertion that—
petitioner has in the past demanded remuneration of the Navy Department under the implied contract of January 31, 1940, above mentioned, and that the Navy Department has not remunerated your petitioner under said contract or otherwise, in any way connected with this claim; [and] that the contract covers information.
Plaintiff filed certified copies of three letters from the Navy Department to substantiate this assertion but, upon examination, these letters fail to corroborate the alleged contract.
The letter of January 31, 1940, is simply a denial of plaintiff’s theory of a magnetic-control type of torpedo. The last paragraph reads as follows:
This Bureau therefore adheres to its previously expressed opinion that the utilization of magnetic devices of the design you describe would constitute too unpromising a project to warrant the expenditure of ordnance funds on it at this time.
Previous to the writing of this letter, other letters were exchanged between plaintiff and defendant. In a letter dated December 2, 1939, defendant informed the plaintiff that—
This idea has been frequently considered for at least the last 20 years. But the magnetic field of a ship does not appear sufficiently strong to actuate such a mechanism at the ranges which ordinarily would be necessary to insure that a torpedo would change its course so as not to miss a ship.
*398 In this Bureau’s opinion, the idea you suggest is not of sufficient value to warrant acceptance as an experimental project at this time.
Later, on August 7, 1940, defendant wrote plaintiff that:
The Bureau has not used, nor does it expect to use, any of the ideas advanced by you. It is not interested in the devices which you have proposed and does not desire to consider them further. Although this Bureau appreciates your interest in the national defense, it does not consider that you have made known to it any new ideas regarding magnetic phenomena, or that in your correspondence you have supplied any suggestions for which, this Bureau would be justified in giving you any financial remuneration.
Plaintiff’s whole claim is based on correspondence which he claims furnished the Navy Department with information relating to certain methods and magnetic devices which the Navy Department has been able to use in the improvement of magnetic devices other than plaintiff’s own.
The letters show no express contract and plaintiff does not claim an express contract. His claim is based on an implied contract.
There is no allegation of fact which constitutes an implied contract in the amended petition nor is there any in the letters furnished by plaintiff.
The letters to plaintiff distinctly and definitely state that the information, through correspondence, which plaintiff has attempted to furnish to the Navy Department, has been known to it for many years and that the Department could not remunerate plaintiff for his suggestions because of their lack of value.
There is no cause of action in the amended petition which would constitute in law an implied contract.
Defendant’s motion to dismiss is granted and plaintiff’s petition is dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Littleton, Judge, concur.